UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                          Case No. 02-80686
                                          Hon: AVERN COHN

RANDY WEATHERS,

    Defendant.

_____/

## MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE

### I. Introduction

This is a criminal case. Defendant Randy Weathers (Weathers) has filed a motion for reduction of sentence seeking relief from his 240 month sentence in light of Amendment 706 to the United States Sentencing Guidelines which reduced the offense levels for cocaine base (crack cocaine) offenses. For the reasons which follow, the motion will be denied.

### II. Facts

Weathers was charged with two offenses: Felon in Possession of a Firearm, 18 U.S.C. § 922(g), and Possession with Intent to Distribute Cocaine Base, 21 U.S.C. § 840(a)(1). On April 21, 2003 Weathers plead guilty to both counts pursuant to a Rule 11 plea agreement. In the plea agreement, Weathers admitted to possessing 16.89 grams of cocaine base. As part of the plea, the parties agreed on a sentencing range

1

of 204-327 months.

On January 27, 2004, Weathers was sentenced to a term of imprisonment of 240 months. Under the United States Sentencing Guidelines, Weather's sentence range for his specific offenses were as follows:

| | |
|---|---|
| Base Offense Level - Possession of Cocaine Base | 26 |
|     Possession of Firearm | + 2 |
|     Acceptance of Responsibility | - 3 |
| | 25 |
| | |
| Base Offense Level – Felon in Possession of Firearm | 24 |
|     Stolen Firearm | + 2 |
|     Possession with Another Felony | + 4 |
|     Acceptance of Responsibility | - 3 |
| | 27 |
| | |
| Combined Offense Level (U.S.S.G. § 3D1.2(c)) | 27 |
| Criminal History Category | IV |
| Sentencing Range | 100-125 months |

However, Weathers was scored a Total Offense Level of 34 and a Criminal History Category of VI because he qualified as a career offender based on his criminal history. As a result, his sentence range was 262-327 months. Even so, the Court sentenced Weathers to a term of imprisonment of 240 months on the grounds that his career offender status overstated the seriousness of his prior offenses.

Weathers filed this motion on July 24, 2009.

### III. Legal Standard

Weathers requests relief under 18 U.S.C. § 3582(c)(2) which permits the Court to modify a term of imprisonment where the defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the

Sentencing Commission." In 2007, the Sentencing Commission promulgated Amendment 706 which has the effect of reducing by two levels the base offense level for most cocaine-base offenses. Section 1B1.10 of the Sentencing Guidelines governs the retroactive application of such amendments. The Commission has included Amendment 706, as amended by Amendment 711, among those that can be retroactively applied. U.S.S.G. § 1B1.10(c). See U.S. SENTENCING GUIDELINES MANUAL app. C., amend 713 (2008).

While defendants who are convicted of a cocaine-base offense are generally eligible for a sentence modification under 18 U.S.C. § 3582, section 1B1.10(a)(2) of the Sentencing Guidelines prohibits the reduction of a defendant's term of imprisonment if:

    A.    none of the amendments listed in subsection (c) is applicable to the defendant; or
    B.    an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

U.S.S.G. § 1B1.10(a)(2). The Sixth Circuit has held that section 1B1.10(a)(2)(B) applies to defendants who were convicted of cocaine-base offenses, but were sentenced based on other offenses. United States v. Johnson, 569 F.3d 619, 625 (6th Cir. 2009) (affirming denial of motion to modify sentence under 18 U.S.C. § 3582 when defendants were convicted of both cocaine and cocaine-base offenses, but were sentenced based on the cocaine offense only). Thus a defendant who is convicted of a cocaine-base offense is not eligible for sentence modification under 18 U.S.C. § 3582(c)(2) unless his sentence was also based on the application of the cocaine-base offense levels. When a defendant was convicted of a cocaine-base offense, but sentenced as a career offender, the Sixth Circuit has held that he is not eligible for a sentence modification

under Amendment 706. United States v. Perdue, 572 F.3d 288, 293 (6th Cir. 2009) ("Amendment 706 has no effect on the ultimate sentencing range imposed on [defendant] under the career-offender Guidelines, the district court did not err in declining to grant his motion for a reduction in sentence."); see also United States v. Lockett, No. 08-4259, 2009 WL 2445733 (6th Cir. Aug. 10, 2009); United States v. Leasure, No. 07-6125, 2009 WL 1546370 (6th Cir. June 3, 2009).

### IV. Analysis

Weathers was convicted of Possession with Intent to Distribute Cocaine Base. However, he was sentenced as a career offender. Weathers argues that, because the Court granted a downward departure from the career offender guideline range, he was not sentenced "based on" the career offender guidelines and is eligible for a sentence reduction.

The Sixth Circuit has held that when a district court determines that a defendant is a career offender, he is not eligible a sentence modification under Amendment 706, even if the district court initially granted a downward departure. Purdue, 572 F.3d 293. In that case, the defendant's sentence was reduced by five levels because the defendant provided substantial assistance to the government. Id. at 290. Nevertheless, the Sixth Circuit determined that the defendant was sentenced based on the career offender guidelines, albeit with a subsequent modification.

However, the Sixth Circuit has not addressed the issue of a defendant whose sentence was reduced because his career offender status overstated the seriousness of his crimes. There is disagreement among other courts that have addressed this question. Some courts have held that once a defendant is designated as a career

offender, that status provides his applicable guideline range for purposes section 1B1.1 of the Sentencing Guidelines, regardless of the actual sentence imposed.  E.g. United States v. Tolliver, 570 F.3d 1062, 1066 (8th Cir. 2009); United States v. Corber, 593 F. Supp. 2d 1236 (D. Kan. 2009).  Other courts have granted sentence modifications when the initial downward departure resulted in a sentence that was within the sentencing guideline range for the underlying cocaine-base offense.  United States v. McGee, 553 F.3d 225 (2d Cir. 2009); United States v. Ragland, 568 F. Supp. 2d 19 (D.D.C. 2008); United States v. Poindexter, 550 F. Supp. 2d 578 (E.D. Pa. 2008).  In McGee, the court relied on the fact that "the district court explicitly stated that it was departing from the career offender sentencing range 'to the level that the defendant would have been in absent the career offender status calculation and consideration.'" McGee, 533 F.3d at 227.  When courts have granted an Amendment 706 modification to career offenders, it is not based on the mere fact that the sentencing court departed from the career offender guidelines, but on the fact that the modified sentence was the same as what it would have been under the cocaine-base guidelines.

     Here the applicable sentencing range for his cocaine-base offense was 84-105 months.  His plea agreement called for a sentence of not less than 204 months.  However, he was sentenced to 240 months.  Even if the Court were to agree with the reasoning of the courts that have granted modifications, Weathers would not be eligible to receive one.  Despite the downward departure, Weathers' sentence was more than twice as long as the guideline maximum for his cocaine-base offense.  Furthermore, the Court did not even depart to the lower limit of the agreed-upon range in the plea agreement.  There is simply no basis for asserting that Weather's sentence was "based

on" his cocaine-base offense rather than on his career offender status.

In addition, even if the Court were to assume that his sentence was not based on Weathers' status as a career offender, he would not be eligible for a modification due to his Felon in Possession of a Firearm conviction. When Weathers' two convictions were grouped pursuant to U.S.S.G. § 3D1.2(c) his offense level was based on the greater of the two charges. In his case, the firearm offense level was 27, while the cocaine-base offense level was 25. If Weathers had been sentenced under the current guidelines, his cocaine-base offense level would have been 23, but his offense level under U.S.S.G. § 3D1.2(c) would still have been 27 due to the Felon in Possession of a Firearm conviction. Thus his sentencing range for the underlying offenses would have been "based on" the firearm offense, not on the cocaine-base offense and Amendment 706 would not have the effect of reducing the applicable sentencing range.

## V. Conclusion

For the reasons stated above, Weathers' motion is DENIED.

SO ORDERED.


Dated: October 15, 2009
       s/Avern Cohn
       AVERN COHN
       UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 15, 2009, by electronic and/or ordinary mail.

       s/Julie Owens
       Case Manager, (313) 234-5160